1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

YVETTE WEINSTEIN,

         Plaintiff,

v.

PREFERRED HOME MORTGAGE
COMPANY, et al.,

         Defendants.

2:10-CV-1098 JCM (LRL)

**ORDER**

      Presently before the court is defendant Preferred Home Mortgage Company's (hereinafter "Preferred") motion to dismiss amended complaint for failure to state a claim upon which relief can be granted. (Doc. #7). Plaintiff Yvette Weinstein filed an opposition. (Doc. #10). Defendant filed a reply to the motion. (Doc. #12).

      Also before the court is plaintiff's motion to remand. (Doc. #11). Defendant Preferred filed an opposition. (Doc. #14). Plaintiff filed a reply. (Doc. #15).

      Plaintiff, as Chapter 7 trustee of the George S. Aquino bankruptcy estate, filed her complaint in the Eighth Judicial District Court of Clark County, Nevada, on February 25, 2010, against Preferred, Joe Scallion, American Home Mortgage Servicing, Inc. (hereinafter "Am Home"), and Regions Bank. On June 11, 2010, she filed an amended complaint, which stemmed from the alleged fraudulent activities that led to a mortgage being taken out in Mr. George Aquino's (hereinafter "Aquino") name without his knowledge. Plaintiff asserts causes of action for; (1) breach of contract, (2) breach of contractual covenant of good faith and fair dealings, (3) violation of NRS 598D,

1   prohibiting unfair lending practices, (4) victim of consumer fraud under NRS 41.6000 and violation

2   of NRS 598, prohibiting deceptive trade practices, (5) fraud, (6) constructive fraud, (7) negligent

3   misrepresentation, (8) negligence, (9) tortious interference with contract, and (10) conspiracy.

4          On July 6, 2010, defendant Preferred filed a petition for removal (doc. #1), and subsequently

5   on July 8, 2010, defendant AmHome filed a petition for removal (Case No. 2:10-cv-01125-JCM-

6   LRL). Both of the petitions for removal were based upon federal question jurisdiction. On July 30,

7   2010, plaintiff filed her motion to remand this case. (Doc. #11). On October 4, 2010, this court

8   consolidated the cases under the above captioned case number *2:10-cv-01098-JCM-LRL.*

9   **Plaintiff's Motion to Remand**

10         Under 28 U.S.C. § 1441(b), this court has original jurisdiction over claims that turn on a

11   substantial question of federal law. *Ultramor America, Ltd. V. Dwell,* 900 F.2d 1412, 1414 (9th Cir.

12   1990). Federal jurisdiction exists where a plaintiff's claims, on their face, appear to rely on state law,

13   but the rights he possesses are actually based on federal law. *Fristoe v. Reynolds Metals Co.,* 615

14   F.2d 1209, 1211-12 (9th Cir. 1980).

15         In plaintiff's motion, she alleges that no federal claims are specifically pleaded in her

16   amended complaint, and that the removal of the case was improper. Specifically, she asserts that the

17   Truth in Lending Act (hereinafter "TILA") and the Real Estate Settlement Procedures Act

18   (hereinafter "RESPA") were not the basis for any of her claims, and that all of the claims were based

19   upon the laws and statutes of the state of Nevada.

20         However, all of the allegations that plaintiff makes in her amended complaint regarding the

21   disclosures, notifications, and the loan procedures, are governed by federal law. These federal laws

22   are put into place to protect home buyers from undisclosed loan terms and fees. In her complaint,

23   plaintiff alleges fraud and unfair lending practices due to the alleged non-disclosure, which is a

24   requirement imposed by TILA and RESPA. Therefore, regardless of her opting to bring state law

25   claims, in order for this court to resolve the issues at hand and determine if the defendants are liable,

26   it must assess *substantial questions of federal law.*

27         Moreover, in the consolidated case (Case No. 2:10-cv-01125-JCM-LRL) which stemmed

28

**James C. Mahan**
**U.S. District Judge**                                                    - 2 -

1    from the same complaint, this court found that removal was proper and denied plaintiff's motion to

2    remand. The court based its denial upon the finding that at least one of plaintiff's claims for relief

3    requires the court to resolve a substantial question of federal law (doc. # 19).

4            This court is not inclined to remand a case that was properly removed to this court.

5    **Defendant's Motion to Dismiss**

6            In the plaintiff's opposition to the motion to dismiss (doc. 10), she stipulated to the dismissal

7    of claims (1), (2), and (9), which all dealt with an alleged contract. Being that Mr. Aquino never

8    entered into a contract, plaintiff dismissed these claims. Therefore, the court will only address the

9    plaintiff's remaining claims.

10            Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails

11   to state a claim upon which relief can be granted. In order for a plaintiff to survive a 12(b)(6), he

12   must "provide the grounds for his entitlement to relief [which] requires more than labels and

13   conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Further, "formulaic

14   recitation of the elements of a claim will not do." *Id.*

15            Defendant Preferred asserts that pursuant to rule 12(b)(6) each one of the plaintiff's

16   remaining claims fail, and that the complaint must be dismissed.

17            **A. Plaintiff's third claim for unfair lending practices in violation of NRS § 598D.010.**

18            In plaintiff's third claim, she states that NRS 598D100(1)(B) "prohibits a lending institution

19   from knowingly or intentionally making a home loan without determining, using *commercially*

20   *reasonable means*, that the borrower has the ability to repay the loan." However, the language cited

21   in the complaint was not incorporated into the statute until October 2007. The loan agreement at

22   issue was entered into in August of 2005, well before the cited language was added to the statute.

23   This court will not retroactively apply this language to the loan agreement. Therefore, this claim

24   must fail.

25            **B. Plaintiff's fourth, fifth, and sixth claims for fraud.**

26            A claim for fraud must be pled with particularity under Federal Rule of Civil Procedure 9(b).

27   *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this standard, plaintiff must

28

**James C. Mahan**
**U.S. District Judge**                                    - 3 -

1    present details regarding the "time, place, and manner of each act of fraud, plus the role of each

2    defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405

3    (9th Cir. 1991). Further, the plaintiff's complaint must put the defendant on notice of the particular

4    misconduct the defendant is alleged to have committed so that the defendant can properly defend

5    against all allegations. *Vess v. Ciba-Geigy Corp. USA,* 317 f.3d 1097, 1104-05 (9th Cir. 2003).

6         In the fourth cause of action, for violations of NRS 41.600 and NRS 598, plaintiff states that

7    the defendants "performed acts and omitted performing acts, which constitute a deceptive trade

8    practice." This neither defines the role Preferred played nor specifies the time, place, or manner of

9    the alleged fraud as required in fraud cases.

10        As for the fifth cause of action for fraud, the plaintiff alleges that "[d]efendants ignored loan

11   documents that were defective on their face, and issued or purchased the loan without all conditions

12   of the loan being met and without the necessary documents being provided." Once again, this claim

13   is not supported by the appropriate detail. It fails to reference *which* documents were defective or

14   missing, *how* such documents were so, and *which* conditions were not satisfied.

15        Plaintiff's sixth cause of action for constructive fraud fails just as the previous two. The

16   complaint states that a "special relationship" exists between the debtor and the defendants, that

17   "defendants, and each of them, intentionally failed to disclose, *inter alia,* to [d]ebtor the fraudulent

18   activities of other [d]efendants," and that the "debtor reasonably relied upon the [d]efendants." The

19   complaint not only fails to specify what instances or "activities" it refers to, but the debtor, Mr.

20   Aquino, having admitted to being ignorant to the existence of the loan until years later, cannot claim

21   he "relied upon the [d]efendants." Further, there can be no "special relationship" that would require

22   disclosure between a debtor who claims that he was not a part of the loan process and that he had

23   no idea of the loan, and the defendants who allegedly issued the loan.

24         As articulated above, the plaintiff fails to adequately put the defendant on notice of how it

25   committed fraud. Without the ability to answer or defend, plaintiff's claims for fraud are dismissed.

26

27

28

**James C. Mahan**
**U.S. District Judge**                                              - 4 -

1

**C. Plaintiff's seventh and eighth claims for negligence.**

2        In the seventh cause of action for negligent misrepresentation, the plaintiff alleges that the

3 defendants "made statements to [d]ebtor which these defendants reasonably should have known were

4 false, or [d]efendants omitted telling [d]ebtor material facts which these [d]efendants reasonably

5 should have known were needed by [d]ebtor to be reasonably informed prior to making a

6 decision...and that [d]efendants should have known that [d]ebtor would rely upon their statements

7 or silence." Further, it states that "[d]ebtor reasonably relied on the statements, and non-statements,

8 of these [d]efendants by, among other things, entering into the loan."

9        As shown above, and admitted to in the plaintiff's pleadings, the debtor, Mr. Aquino, was

10 unaware of the existence of the loan and was not involved in the process of obtaining it. Thus, it

11 cannot be alleged that any statements were made to him with regards to the loan, or that he relied

12 upon any statements or omissions. The court is not inclined to recognize any making of, or reliance

13 on, statements to the debtor, while plaintiff asserts his lack of knowledge or involvement in the loan.

14        The plaintiff's eighth cause of action for negligence must also fail due to the lack of dealings

15 the debtor had with Preferred. "To recover under a negligence theory, the complainant must prove

16 four elements: (1) that the defendant owed him a duty of care; (2) that defendant breached this duty

17 of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant

18 suffered damages. *Hammerstein v. Jean Dev. West*, 907 P.2d 975, 977 (Nev. 1995).

19        The defendant cannot be seen to have "breached [its] duty of care," as alleged in the

20 complaint, when a duty did not exist. Absent any contractual relationship which would give rise to

21 a duty, and in light of Mr. Aquino's lack of involvement, once again this claim fails.

22        Further, plaintiff claims "[d]efendants and each of them negligently inflicted emotional

23 distress upon [d]ebtor," without reciting any elements of the claim or facts to support it. This does

24 not provide any grounds for defendant to defend or answer the claim.

25

**D. Plaintiff's tenth claim for conspiracy.**

26        In the final claim, plaintiff asserts that defendants "agreed overtly and/or by acquiescence or

27 omission to" in some way defraud the debtor. However, there is nothing pleaded that supports this

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  allegation. To allege a conspiracy to defraud, a complaint must meet the particularity requirements

2  of Federal Rule of Civil Procedure 9(b) and inform each defendant of its actions that constituted

3  joining the conspiracy. *Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 642 (D. Nev. 2001).

4  Allegations of conspiracy should be accompanied by the who, what, when, where, and how of the

5  misconduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

6       Again, plaintiff fails to meet these requirements. The complaint does not specify what actions

7  constituted the conspiracy or how an agreement to commit misconduct was made. Due to the lack

8  oF supporting facts, this claim must fail.

9  **Request for Attorney Fees/Costs**

10      In the plaintiff's motion to remand (doc. # 11), she requests that the court grant attorney fees

11  if it determines removal was improper. Under 28 U.S.C. § 1447(c), [a]n order remanding the case

12  may require payment of just costs and any actual expenses, including attorney fees, incurred [as a]

13  result of the removal." Here, the court found that the removal was proper. Thus, an award of

14  attorney fees is not applicable.

15      Defendant Preferred asserts in its motion to dismiss (doc. #7) that it is entitled to an award

16  of costs under NRS §10.020(3), which states that "[c]osts must be allowed [ ] to the prevailing party

17  against any adverse party against whom judgment is rendered, in...an action for recovery of money

18  or damages, where plaintiff seeks to recover more than $2,500."

19      Pursuant to Local Rule 54-1(a), "[u]nless otherwise ordered by the court, the prevailing party

20  shall be entitled to reasonable costs," and "shall serve and file bill of costs and disbursements on the

21  form provided by the clerk no later then ten (10) days after the date of entry of the judgment on

22  decree." Further, rule 54-1(b) provides that the bill of costs "shall be verified and distinctly set forth

23  each item so that its nature can be readily understood," and "state that the items are correct and that

24  the services and disbursements have been actually and necessarily provided and made." In addition,

25  the local rules require that the party attach an itemization and documentation of requested costs in

26  all categories.

27      In light of the fact that defendant has failed to submit any of the necessary documentation as

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

1 | required under the local rules, this court is not inclined to grant an award of costs at this time.

2 |        IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Preferred Home

3 | Mortgage Company's motion to dismiss (doc. #7) be, and the same hereby is, GRANTED.

4 |        IT IS FURTHER ORDERED that plaintiff Yvette Weinstein's motion to remand (doc. #11)

5 | be, and the same hereby is, DENIED.

6 |        IT IS FURTHER ORDERED that defendant Preferred Home Mortgage Company's and

7 | plaintiff Yvette Weinstein's requests for attorney fees and costs be, and the same hereby are,

8 | DENIED.

9 |        DATED October 8, 2010.

10

11 | **UNITED STATES DISTRICT JUDGE**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -